**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3556-19

PRAVIN PATEL,

    Plaintiff-Appellant,

v.

BHARAT MUKUND RAO
and ALKESH S. PATEL,

    Defendants-Respondents.

_____

        Argued October 12, 2021 – Decided October 22, 2021

        Before Judges Fasciale and Sumners.

        On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-6475-19.

        Patrick Papalia argued the cause for appellant (Archer & Greiner, PC, attorneys; Tyler J. Wicks and Patrick Papalia, on the briefs).

        David F. Lyttle argued the cause for respondent Bharat Mukund Rao.

        Richard J. Kilstein argued the cause for respondent Alkesh S. Patel (Kilstein & Kilstein, LLC, attorneys; Richard J. Kilstein, on the brief).

PER CURIAM

Plaintiff Pravin Patel (Pravin)[1] appeals—without leave of court—from multiple orders: (1) a May 11, 2020 order dismissing his complaint (the complaint)—without prejudice—against defendant Bharat Mukund Rao (Bharat) and defendant Alkesh S. Patel (Alkesh) (collectively defendants), pending appeal in a related Chancery Division case (the Chancery case);[2] (2) two orders dated January 24, 2020, staying this action (the Law Division case) and directing defendants to file a "motion for joinder" with the then-pending appeal in the Chancery case; and (3) a February 27, 2020 scheduling order assigning the Law Division case to Track 4 as a complex commercial action. Now that the Chancery case has been fully resolved, we dismiss the appeal.

---

[1] By using the parties' first names, we mean no disrespect. We do so because the last names of some of those involved in this appeal are the same.

[2] We have since resolved the appeal in the Chancery case, which involved Pravin's appeal from an order confirming a March 28, 2019 arbitration award regarding a dispute over the operation of "Key Products" (representing two companies owned by Pravin and Christine Rao (Christine)). See Rao v. Patel, No. A-000342-19 (App. Div. Nov. 4, 2020). We upheld the order confirming the award, permitted legal fees against Pravin, and affirmed Pravin's argument that the Chancery judge erred by denying discovery. Id., slip op. at 10. Pravin did not file a petition for certification in the Chancery case.

Doing so accords with the Law Division judge's remarks and enables final resolution of the Law Division case.

The complaint has seven counts:[3] (1) breach of contract against Alkesh; (2) breach of duty of good faith and fair dealing against Bharat; (3) breach of contract against Bharat; (4) conspiracy against defendants; (5) breach of duty of good faith and fair dealing against Alkesh; (6) fraud and misrepresentation against defendants; and (7) professional negligence against Alkesh. The factual background leading to Pravin's allegations in the Law Division case involves a dispute over the operation of two companies owned by Pravin and Christine: Key Products I, Inc. (KP-Paramus) and Key Products II, Inc. (KP-GS) (collectively Key Products). The dispute led to the arbitration award against Pravin, the Chancery case, and our affirmance of the order confirming the award. As to the parties in the two cases, Bharat is a party in both the Chancery and Law Division case, Christine is only a party in the Chancery case, and Alkesh is only a party in the Law Division case, although Alkesh acted as an "independent auditor" during the arbitration of the Chancery case.

On January 24, 2020, the Law Division judge admitted—after stating that he was not sure if we would grant a joinder motion—that if we did not, then "I

---

[3] One of the counts in the complaint was misnumbered.

can review this matter anew at that time." No party moved for "joinder." And at a case management conference on May 11, 2020, the judge told the parties, "Upon final ruling of [our judgment in the Chancery case], the parties may move [before] the [c]ourt by motion to continue [the Law Division] matter." That is because he had previously stayed the Law Division case. After we rendered our judgment in the Chancery Division case, no party moved before us to dismiss this appeal or remand for further proceedings consistent with the Law Division judge's remarks. Instead, the parties sought resolution of the legal issues before us in the first instance.[4]

Pravin did not prevail in the arbitration and an arbitration award was entered against him, which included counsel fees. The Chancery judge confirmed the award, which we upheld. Pravin's counsel unsuccessfully sought before the arbitrator reconsideration of the arbitration award. He argued that the award should be vacated because Alkesh was not independent. According to Pravin's counsel, Alkesh had a previous, undisclosed relationship with Bharat and Christine. Pravin's counsel explained that he only consented to use Alkesh

---

[4] Some of the legal issues raised before us, and not adjudicated by the Law Division judge, included whether resolution of the Chancery case entitled defendants to a dismissal of the complaint under Rule 4:6-2(e), or grounded on principles of res judicata, the entire controversy doctrine, collateral estoppel, or joinder under Rule 4:28-1(a).

as an auditor in the arbitration because Bharat and Christine had stated that they had no prior relationship or dealings with Alkesh.

After the arbitrator denied reconsideration, Bharat and Christine moved before the Chancery judge to confirm the award. Pravin's counsel cross-moved to vacate the arbitration award and permit discovery because of the "secret and hidden" relationship between Bharat, Christine, and Alkesh. He contended that during the arbitration, he had "strenuously objected" to Alkesh "continu[ing] in his capacity as an auditor due to the [purported] undisclosed relationship with Bharat's brother and connection to [Bharat and Christine]." Pravin counsel's contended that Alkesh was not independent but rather acted like someone who opined more like an expert for Bharat and Christine, on which Pravin's counsel sought discovery. The Chancery judge confirmed the award and denied discovery.[5]

On appeal, Pravin makes multiple arguments on the merits that the judge never adjudicated. But the Law Division judge never had the opportunity to adjudicate these issues because after finality in the Chancery case, no party acted on the Law Division judge's remarks that he "review the matter anew," or to

---

[5] Pravin previously argued the Chancery judge erred by refusing his request for discovery. See Rao, slip op. at 6. We rejected that contention. Id., slip op. at 10.

A-3556-19

"move [before] the [c]ourt by motion to continue [the Law Division] matter."

The parties may now do that.[6]

Appeal dismissed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

---

[6] The parties could have voluntarily dismissed the appeal or sought a remand in accordance with the judge's invitation to proceed before him upon final conclusion in the Chancery case.

A-3556-19